# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAHEEN SHANDS<br><br>Plaintiff,<br><br>v.<br><br>ATLANTA IMPORTS, INC. d/b/a SUVIDHA INDO-PAK GROCERIES and MANNY SALUJA a/k/a MANMEET SALUJA, Jointly and Severally<br><br>Defendants. | Case No. _____ |

## COMPLAINT
### (Jury Trial Demanded)

Plaintiff, on personal knowledge and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a chain of grocery stores in the metro Atlanta area called Suvidha Indo-Pak Groceries (also called Suvidha International Market). The grocery stores specialize in Indian Cuisine.

2. Defendants' grocery stores provide packaged goods to customers for sale, as

1

well as prepared food items which are cooked in the store's kitchen.

3.     Plaintiff worked for Defendants' a driver. Plaintiff drove large trucks, and also smaller delivery vehicles with a Gross Vehicle Weight Rating (GVWR) of less than 10,000 pounds.

4.     Plaintiff would drive out of state to deliver and obtain goods in states such as Alabama, and would also make local deliveries throughout Georgia.

5.     Throughout Plaintiff's employment, Plaintiff received no overtime wages whatsoever despite working excess of 40 hours each week.

6.     Plaintiff brings this action to recover unpaid overtime premium pay owed to him pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants'

store located at 3495 Peachtree Parkway, Suite 105, Suwanee, Georgia 30024 (hereinafter, the "Suwanee Store"). This location is in Gwinnett County, Georgia, which is in the Northern District of Georgia. Additionally, Defendant Atlanta Imports, Inc. is registered with the Georgia Secretary of State as a Domestic Profit Corporation, and it lists its principal office address as: 3495 Peachtree Parkway, Suite 105, Suwanee, Georgia 30024, in Gwinnett County, which is in the Northern District of Georgia. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

10. Plaintiff, was at all relevant times, an adult individual residing at 502 Wesley Club Drive, Decatur, Georgia 30034, which is in DeKalb County.

**Defendants:**

11. Atlanta Imports, Inc. is an active Georgia limited liability company. Its principal place of business is: 3495 Peachtree Parkway, Suite 105, Suwanee, Georgia

3

30024, which is in Gwinnett County.

12. Manny Saluja a/k/a Manmeet Saluja, upon information and belief is an owner, officer, director and/or managing agent of Atlanta Imports, Inc. Mr. Saluja's address is unknown at this time.

13. Mr. Saluja participated in the day-to-day operations of Atlanta Imports, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Atlanta Imports, Inc.

14. Upon information and belief, Mr. Saluja jointly set the unlawful payroll policies complained of in this complaint for Atlanta Imports, Inc.

15. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

16. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

17. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce, in that they operate a grocery stores specializing in Indian food, and the grocery stores import most of their food from international sources, such as India. Additionally, Suvidha Indo-Pak Groceries has 5 locations total: 3 in Georgia, and 2 in North Carolina. Defendants have engaged in interstate commerce with the North Carolina stores by jointly engaging in advertising, sharing of logos, and using the same website, http://www.suvidhaonline.com/, which is used to mutually promote sales for all 5 locations. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

18.  At all relevant times, Defendants have been in the grocery store industry, specializing in Indian cuisine, and providing both pre-packaged and prepared foods to their customers.

19.  There are five stores bearing the name Suvidha International Market, which are all listed on Defendants' website: http://www.suvidhaonline.com/. The five stores are located in: Marietta, GA, Suwanee, GA, Alpharetta, GA, Charlotte, NC, and Morrisville, NC. Each store has between 30-60 employees.

20. Defendants own and operate the 3 of the 5 stores listed in the previous paragraph. The three stores owned and operated by Defendants are located in: Marietta, Suwanee, and Alpharetta.

21. Plaintiff was employed by Defendants as a driver from approximately January 3, 2018 to May 30, 2020.

22. Plaintiff primarily worked as a driver for the Suwanee Store, but also performed work and deliveries for the other locations.

23. As a driver, Plaintiff's job duties included: driving large trucks, driving smaller delivery vehicles weighing less than 10,000 pounds, and assisting with the loading and unloading of the vehicles.

24. Plaintiff was paid $11 per hour.

25. Plaintiff typically worked 10 hours each day, six days a week, Monday through Saturday, from 10 a.m. to 8 p.m., and sometimes worked as late as 10 p.m.

26. On average, Plaintiff worked 50-60 hours each week.

27. During the start of Plaintiff's employment, he would report his hours to supervisors such as Manny Saluja, in order to receive payment for his work. However, on or about June 2019, Defendants switched him to a time clock system,

and his pay would be based on the hours recorded by the time clock.

28. Throughout Plaintiff's employment, Plaintiff was paid straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

29. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay his overtime wages.

30. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

**FIRST CAUSE OF ACTION**
**<u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>**

31. Plaintiff, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

32. As a result of Defendants' failure to compensate its employees, including Plaintiff, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which

Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

33.     Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34.     The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages and application of the three year statute of limitations as a result of Defendants' willful failure to pay overtime wages;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. An award of nominal damages;

h. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: January 5, 2022

Respectfully submitted,

**s/ Brandon A. Thomas**
 **BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com

 **s/ Mitchell D. Benjamin**
 Mitchell D. Benjamin
 GA Bar No. 049888
 Charles R. Bridgers
 GA Bar No. 080791
 DELONG, CALDWELL, BRIDGERS,
 FITZPATRICK, & BENJAMIN, LLC
 101 Marietta St., Suite 2650
 Atlanta, GA 30303

Tel: (404) 979-3150
Fax: (404) 979-3170
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com

***Attorneys for Plaintiff***

10