# SETTLEMENT AGREEMENT
# AND RELEASE

Raheen Shands ("Employee" or "Plaintiff"), and Atlanta Imports, Inc. d/b/a Suvidha Groceries ("Company"), and Manny Saluja a/k/a Manmeet Saluja ("M. Saluja") (also referred to as "Defendants") (collectively, referred to as the "Parties"), have reached an Agreement as follows:

## W I T N E S E T H

**WHEREAS**, Employee filed a lawsuit against the Company and M. Saluja in the United States District Court for the Northern District of Georgia, <u>Shands v. Atlanta Imports Inc. d/b/a Suvidha Groceries</u>, Case No. 1:22-cv-00044-WMR (the "Litigation");

**WHEREAS**, the Parties desire to settle fully and finally any and all differences or claims that might arise out of Employee's employment with the Company including, but not limited to, those raised in the Litigation;

**NOW THEREFORE**, for and in consideration of the terms set forth herein and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties hereby covenant and agree as follows:

(1)   **Settlement Payment.** Following execution of this Agreement, the Company and M. Saluja shall make and deliver three checks totaling $17,500.00 (the "Settlement Payment"), as follows: A) a check payable to Raheen Shands in the amount of $6,000.00; B) a check payable to The Law Offices of Brandon A. Thomas, P.C. in the amount of $8,500.00; and C) a check payable to DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC in the amount of $3,000.00. The three checks are to be sent via Fed-Ex, UPS, or some other mail service that utilizes a tracking number, and sent to: The Law Offices of Brandon A. Thomas, P.C., 1 Glenlake Parkway, Suite 650, Atlanta, Georgia, 30328.

Pursuant to this settlement, Defendants have agreed to pay Plaintiff the following amount:

<u>**Raheen Shands**</u> - **$6,000.00**, consisting of $3,000 in wages, and $3,000 in liquidated damages.

(2)   **Attorneys' Fees.** From the Settlement Payment, the Company and M. Saluja shall pay to Plaintiff's counsel the gross sum of **$11,500.00** ("Fees") representing $8,500.00 in fees and costs incurred by The Law Offices of Brandon A. Thomas, P.C., and $3,000.00 incurred by DeLong Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC. The Fees shall be paid from, and not in addition to, the Settlement Payment.

(3)   **Time for Payment.** The Settlement payment is to be received by Plaintiff's within 10 calendar days of the United States District Court ("Court") entering an order approving the terms of this Agreement.

(4)   **Obligation for Payment of Taxes.** The Company makes no representation and provides no guaranty or assurance regarding the tax consequences to Employee or his counsel for

payment of the Settlement Payment or the Fees, and Employee shall be responsible for all taxes that may be due to any governmental authority as a result of the Settlement Payment and Employee's counsel shall be responsible for all taxes that may be due as a result of the Fees.

(5) **Release of Company and M. Saluja.** On behalf of themselves, Employee releases and forever discharges the Company and its subsidiaries and other affiliated business entities and associations, predecessors, successors, assigns, trustees, insurers, guarantors and all directors, officers, employees, agents, attorneys and other representatives of any of the foregoing, and M. Saluja (the "Released Parties") from all actual and potential claims arising out of the failure to pay wages under the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. (the "FLSA").

(6) **Covenant Not to Sue.** Employee further covenants not to sue any of the Released Parties, for any claims arising under any federal, state, or local law, common or statutory, for any action or omission whatsoever, whether known or unknown, suspected, or unsuspected, which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement, concerning their wages.

(7) **No Admission of Liability.** The Company and M. Saluja do not concede or admit that, with respect to Employee, that they have violated any law, statute, ordinance, or contract, failed as to any duty or obligation whatsoever, or engaged in any kind of wrongful conduct.

(8) **Acknowledgements and Representations.** Employee acknowledges, affirms, and warrants that:

   a) Other than the Litigation, Employee has not filed or caused to be filed and he is not presently a party to, any charge, complaint, or action against the Company or any of the Released Parties in any forum;

   b) Upon payment of the Settlement Payment Employee will have been paid and/or received all compensation and benefits to which he may be entitled including, but not limited to wages, bonuses, liquidated damages, and attorneys' fees and that no other compensation, including, but not limited to wages, bonuses, liquidated damages, attorneys' fees, or other benefits are due to him except as may be expressly set forth herein; and

   c) Employee has not and will not assign any of the Claims being released under this Agreement.

(9) **Government Agencies.** The Parties acknowledge and agree that no federal, state, or local government agency is a party to this Agreement, and that this Agreement does not restrict or in any way affect any government agency's authority to investigate or seek relief in connection with any of the claims released and discharged and upon which Employee has covenanted not to sue. The Parties further agree, however, that if a government agency were to pursue any such claim, the Agreement shall control as the exclusive remedy and full settlement of all claims between Employee and Company and M. Saluja.

(10)    **Dismissal of Litigation.** Employee agrees that upon execution of this Agreement, he will file a motion to approve this Settlement and for entry of an order dismissing the Litigation.

(11)    **Notices.** Any notice due to the Employee shall be sent to them at The Law Offices of Brandon A. Thomas, P.C., 1 Glenlake Parkway, Atlanta, GA 30328. Any notice due to the Company and/or M. Saluja shall be sent to Phil Friduss, Hall Booth Smith, P.C., 191 Peachtree Street, N.E., Suite 2900, Atlanta, GA 30303.

(12)    **Severability.** Each of the provisions above are independent and shall be severable from the other provisions if any provision, for any reason, is held to be illegal, invalid, or unenforceable.

(13)    **Applicable Law.** This Agreement shall be construed under the laws of the State of Georgia.

(14)    **No Modification.** This Agreement may not be modified except in writing signed by the parties hereto.

(15)    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties and this Agreement supersedes and annuls any prior agreement or representation of any kind.

(16)    **Effective Date.** The Effective Date of this Agreement will be the date the Court in which the Litigation is pending enters an order approving of the Agreement.

(17)    **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

(18)    **Electronic Signatures.** The Parties jointly agree that electronic signatures of the Agreement will be acceptable just as though it were an original signature. See Sellers v. Sage Software, Inc., WL 5631106, 4-5 (N.D. Ga. 2018) (allowing electronic signatures upon the Parties' mutual consent); Consumer Financial Protection Bureau v. Universal Debt & Payment, Solutions, LLC, WL 1295004 (N.D. Ga. 2019) (electronic signatures accepted for sworn declarations under perjury); See also 15 U.S.C. Section 7001(a) (a signature cannot be denied legal effect solely because it is in electronic form).

(19)    **Effect of Non-approval.** The Parties agree that if the Court does not approve the settlement agreement, the agreement will be amended as ordered by the Court, but the agreement will not be changed in any other way, as it is already agreed to and binding.

(20)    **Retention of Jurisdiction**. The Parties agree that the Court shall retain jurisdiction of this case for the purposes of ensuring enforcement of the terms of this agreement.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND

**PLAINTIFF**

**RAHEEN SHANDS**

Signature: *Raheen Shands*

Date: 7/15/2022

**DEFENDANTS**

**ATLANTA IMPORTS, INC. d/b/a SUVIDHA GROCERIES**

Signature: *[signature]*

By (Print): MANMEET SALUJA

Title: OFFICER

Date: 7/25/2022

**MANNY SALUJA a/k/a MANMEET SALUJA**

Signature: *[signature]*

Date: 7/25/2022

4